# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FILED

'07 APR 23 PM 12: 30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

Case No.:

LIBERTY INSURANCE CORPORATION,
and WAUSAU UNDERWRITERS
INSURANCE COMPANY,

                Plaintiffs,      *6-07-CV-652-ORL-9JGG*

vs.

CORONA CIGAR COMPANY,

                Defendant.

_____/

## PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Liberty Insurance Corporation ("Liberty") and Wausau Underwriters Insurance Company ("Wausau"), file this Complaint for Declaratory Judgment against Defendant Corona Cigar Company ("Corona Cigar"), and allege:

### Nature of Plaintiffs' Claims

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, for the purpose of resolving a real and substantial controversy among the parties concerning the parties' legal rights, duties, and relationships with respect to certain insurance contracts and an underlying lawsuit.

### Parties

2.     Plaintiff Liberty is an insurance company organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois.

3.     Plaintiff Wausau is an insurance company organized and existing under the laws of the State of Wisconsin, with its principal place of business in Wisconsin.

4.      Corona Cigar is incorporated under the laws of the State of Florida, with its principal place of business in Florida.

## Jurisdiction and Venue

5.      The insurance policies at issue in this action have limits in excess of $75,000, and the pecuniary value of the obligation to defend the underlying lawsuit at issue, and the amount of damages sought in that lawsuit, are believed to exceed $75,000.   Complete diversity of citizenship exists among the parties, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6.      Venue is proper in the Middle District of Florida, in accordance with 28 U.S.C. § 1391, because Defendant Corona Cigar resides in Orlando, Florida, and the underlying lawsuit against Corona Cigar is pending in the United States District Court for the Middle District of Florida.

## Factual Background

### The Policies

7.      Liberty issued a policy, numbered YY7-551-286031-015/8, to Corona Cigar with a policy period from September 1, 2005 to September 1, 2006 (the "Liberty Policy").   The Liberty Policy is attached as Exhibit 1.

8.      Wausau issued a policy, numbered YYJ-Z51-286031-016, to Corona Cigar with a policy period from September 1, 2006 to September 1, 2007 (the "Wausau Policy").   The Wausau Policy is attached as Exhibit 2.

9.      The Liberty and Wausau Policies include "personal and advertising injury" coverage.   "Personal and advertising injury" includes injury arising out of certain offenses,

including "[t]he use of another's advertising idea in [Corona Cigar's] 'advertisement'; or

…infringing upon another's … trade dress … in [Corona Cigar's] 'advertisement.'"

10.     The term "advertisement" is defined in the Liberty Policy as a "paid announcement that is broadcast or published in the print, broadcast or electronic media to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."  The term "advertisement" is similarly defined in the Wausau Policy as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

11.     Coverage under the Liberty Policy and the Wausau Policy only applies to offenses committed by Corona Cigar during the relevant policy period.   And the Policies exclude coverage for injury arising out of trademark infringement and infringement of other intellectual property rights (except for trade dress infringement in Corona Cigar's "advertisement.")   The Policies also exclude coverage for injury caused by Corona Cigar with knowledge that its act would violate another's rights and inflict injury.

12.     The Liberty and Wausau Policies have conditions that obligate Corona Cigar to notify Liberty and Wausau "as soon as practicable of … an offense which may result in a claim" and to notify Liberty and Wausau as soon as practicable if a claim is made.

The Underlying Lawsuit

13.     On or about December 29, 2006, Cerveceria Modelo, S.A. de C.V. ("Modelo") sued Corona Cigar in the United States District Court for the Middle District of Florida (the "Modelo Suit").  The Complaint in the Modelo Suit (the "Modelo Complaint") is attached as Exhibit 3.

14.     The Modelo Complaint alleges claims for trademark infringement in violation of 15 U.S.C. § 1114(1), trademark dilution in violation of 15 U.S.C. § 1125(c), Florida trademark infringement, Florida trademark dilution, and unfair competition under Section 43(a) of the Lanham Act and under Florida statutory and common law.  (See Ex. 3.)  The Modelo Complaint also includes a single claim for trade dress infringement in violation of Section 43(a) of the Lanham Act.  (See Ex. 3, ¶¶ 62 – 65.)

15.     The Modelo Complaint alleges that Corona Cigar was well aware of the goodwill of Modelo's Corona marks and trade dress before it committed the acts complained of in the Modelo Suit.  (See Ex. 3, ¶ 31.)  Modelo's Complaint also alleges that Corona Cigar's conduct had occurred by August 2003, years before the inception of the Liberty Policy and the Wausau Policy, when Modelo brought opposition proceedings in response to Corona Cigar's trademark application for "Corona Coffee."  (See Ex. 3, ¶ 56.)

16.     The Modelo Complaint incorporates in every count allegations that Corona Cigar is using the Corona marks and trade dress to "***unlawfully*** trade upon the goodwill represented and symbolized" by the Corona marks and trade dress, and has "***deliberately used*** the Corona Cigar Mark ***with the intent to cause confusion and deception*** among the public ***and to create the misimpression*** that Corona Cigar's goods and services are operated, authorized or sponsored by Modelo."  (Ex. 3, ¶¶ 32, 51, 58, 62, 66, 72, 76, 82, 87, & 92) (emphasis added).

17.     An actual controversy has arisen and now exists among Liberty, Wausau, and Corona Cigar.  The actual controversy concerns whether Liberty and Wausau have a duty to defend or to indemnify Corona Cigar.

18.     In the meantime, Liberty and Wausau are defending Corona Cigar under a reservation of their rights to deny they have any obligation to defend or to indemnify Corona

Cigar in connection with the Modelo Suit.  Liberty and Wausau have specifically reserved their rights to cease providing any further defense upon a judicial declaration that they never had a duty to defend or upon a showing there is no duty to indemnify.  Liberty and Wausau also have reserved their rights to seek reimbursement from Corona Cigar for defense fees and costs incurred in defending Corona Cigar if there is a judicial declaration that they never had such a duty.

19.     All conditions precedent have either occurred or been performed.

## COUNT I – CLAIM FOR DECLARATORY RELIEF
## NO DUTY TO DEFEND

20.     Liberty and Wausau reallege and incorporate paragraphs 1 through 19 above, as if fully set forth herein.

21.     Liberty and Wausau have no duty to defend because the Modelo Suit alleges offenses by Corona Cigar that were committed before the Liberty and Wausau policy periods, and materials first published before the policy periods.  Further, the Modelo Suit alleges that Corona Cigar knew its acts violated Modelo's rights and would inflict injury, and coverage for such claims is excluded under the Policies.

22.     The Liberty and Wausau Policies state the insurance "applies to 'personal and advertising injury' caused by an offense arising out of [Corona Cigar's] business, but only if the offense was committed …during the policy period."   (See Exs. 1 & 2.)  The Modelo Complaint alleges that the offenses committed by Corona Cigar had occurred by August 2003, years before the inception of the Liberty Policy and the Wausau Policy.

23.     Coverage for the Modelo Suit also is excluded under the Liberty and Wausau Policies by the "Material Published Prior To Policy Period" exclusion.  This exclusion applies to "'personal and advertising injury' arising out of oral or written publication of material whose

first publication took place before the beginning of the policy period." The only "personal and advertising injury" alleged in the Modelo Suit is alleged to have arisen out of material first published before the inception of the Liberty Policy and the Wausau Policy. Accordingly, coverage for the Modelo Suit is excluded.

24.     The "Knowing Violation Of Rights Of Another" exclusion also excludes coverage for the Modelo Suit. This exclusion applies to "'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" The Modelo Complaint alleges that Corona Cigar caused injury with the knowledge that its acts would violate Modelo's rights and inflict injury, thus excluding coverage for the Modelo Suit.

**WHEREFORE,** Plaintiffs Liberty and Wausau respectfully request this Court:

(1)     Declare that Liberty and Wausau have no duty to defend Corona Cigar in the Modelo Suit;

(2)     Declare that Corona Cigar must reimburse Liberty and Wausau for any and all costs they have incurred in defending Corona Cigar in the Modelo Suit; and

(3)     Provide Liberty and Wausau with any further relief this Court may deem just and proper.

## COUNT II – CLAIM FOR DECLARATORY RELIEF
## NO DUTY TO INDEMNIFY

25.     Liberty and Wausau reallege and incorporate paragraphs 1 through 19 above, as if fully set forth herein.

26.     The actual facts show there is no potential for coverage for Corona Cigar with respect to the Modelo Suit.

27.     The Liberty and Wausau Policies only cover sums Corona Cigar becomes legally obligated to pay as damages because of "personal and advertising injury." "Personal and advertising injury" includes the use of another's advertising idea or infringing upon another's trade dress only when done in Corona Cigar's "advertisement."

28.     Upon information and belief, there is no claim by Modelo involving the use of its advertising idea or infringing upon its trade dress in Corona Cigar's "advertisement," as that term is defined in the Policies.

29.     The Liberty and Wausau Policies state the insurance "applies to 'personal and advertising injury' caused by an offense arising out of [Corona Cigar's] business, but only if the offense was committed …during the policy period."   (See Exs. 1 & 2.)  The only offenses out of which any "personal and advertising injury" in the Modelo Suit may have arisen were committed by Corona Cigar before the policy periods of the Liberty Policy and the Wausau Policy.

30.     Coverage for Corona Cigar is excluded by the "Material Published Prior To Policy Period" exclusion.  The exclusion applies to "'personal and advertising injury' arising out of oral or written publication of material whose first publication took place before the beginning of the policy period."  The only potential "personal and advertising injury" involved in the Modelo Suit arose out of material first published before the inception of the Liberty Policy and the Wausau Policy.

31.     The "Knowing Violation Of Rights Of Another" exclusion also excludes coverage for the Modelo Suit.  This exclusion applies to "'[p]ersonal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another

and would inflict 'personal and advertising injury.'"   Any potential "personal and advertising injury" in the Modelo Suit was caused by Corona Cigar, or at its direction, with knowledge that its act would violate Modelo's rights and inflict injury, thus excluding coverage for the Modelo Suit.

32.     The Liberty and Wausau Policies have an "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion.   The exclusion in the Liberty Policy applies to "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights or out of securities fraud."   The Wausau Policy exclusion similarly applies to "'[p]ersonal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."   All the claims in the Modelo Suit that do not specifically involve trade dress infringement in Corona Cigar's "advertisement" are excluded from coverage.

33.     The Liberty and Wausau Policies also have an "Unauthorized Use Of Another's Name Or Product" exclusion that excludes coverage for "personal or advertising injury" arising out of "the unauthorized use of another's name or product in [Corona Cigar's] e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers." Upon information and belief, this exclusion applies to some or all of the claims in the Modelo Suit.

34.     The Liberty and Wausau Policies have conditions that obligate Corona Cigar to notify Liberty and Wausau "as soon as practicable of … an offense which may result in a claim" and to notify Liberty and Wausau as soon as practicable if a claim is made.

35.     Corona Cigar violated its obligations under the Liberty and Wausau Policies by not notifying Liberty and Wausau as soon as practicable of the offenses that resulted in the

claims that are the subject of the Modelo Suit, and by not notifying Liberty and Wausau as soon as practicable of the claims themselves.

**WHEREFORE,** Plaintiffs Liberty and Wausau respectfully request this Court:

(1)        Declare that Liberty and Wausau have no duty to indemnify Corona Cigar for any potential liability resulting from the Modelo Suit.

(2)        Declare that Liberty and Wausau have no further duty to defend Corona Cigar with respect to the Modelo Suit, and may withdraw any such defense; and

(3)        Provide Liberty and Wausau with any further relief that this Court may deem just and proper.

Dated: April 19th, 2007.

Respectfully submitted,

JEFFREY S. LAPIN
Trial Counsel
Florida Bar No. 0993298
LAPIN & LEICHTLING, LLP
*Counsel for Plaintiffs*
255 Alhambra Circle
Suite 800
Coral Gables, Florida 33134
Telephone: 305-569-4100
Facsimile: 305-569-0000
JLapin@LL-lawfirm.com

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Liberty Insurance Corporation and Wausau Underwriters Insurance Company | Corona Cigar Company |

**(b)** County of Residence of First Listed Plaintiff    Cook County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Orange County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey S. Lapin, Lapin & Leichtling, LLP, 255 Alhambra Circle, Suite 800, Coral Gables, FL 33134, Tel: 305-569-4100 Fax: 305-569-0000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Insurance Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $    Declaratory Judgment

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Gregory A. Presnell    DOCKET NUMBER 6:06-CV-01961

DATE    4/19/07      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____